**Fill in this information to identify your case:**

Debtor 1  Rochelle   Ann   Brown
         First Name  Middle Name  Last Name

Debtor 2  _____
(Spouse, if filing)  First Name  Middle Name  Last Name

United States Bankruptcy Court for the : __NORTHERN DISTRICT OF ILLINOIS__

Case Number _____
(If known)

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed

_____
_____

Official Form 113

# Chapter 13 Plan

12/17

## Part 1: Notices

**To Debtors:** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. ***Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.***

| | | Included | Not Included |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ | ■ |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ☐ | ■ |
| 1.3 | Nonstandard provisions, set out in Part 8 | ■ | ☐ |

## Part 2: Plan Payments and Length of Plan

**2.1 Debtors(s) will make regular payments to the trustee as follows:**

$ __215.00__   per _month_   for __36__ months
Insert additional lines if necessary.

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

Official Form 113       Record # 807962       Chapter 13 Plan       Page 1

Debtor 1  Rochelle  Ann  Brown                    Case Number *(if known)* _____
         *First Name*   *Middle Name*   *Last Name*

**2.2 Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply.*

- ■ Debtor(s) will make payments pursuant to a payroll deduction order.
- ☐ Debtor(s) will make payments directly to the trustee.
- ☐ Other (specify method of payment):_____.

**2.3 Income tax refunds**

*Check one.*

- ☐ Debtor(s) will retain any income tax refunds received during the plan term.
- ☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.
- ■ Debtor(s) will treat income tax refunds as follows:

  Debtor(s) shall submit a copy of their Federal Income tax return to the Trustee each year, beginning with the tax return for the year in which this was filed, no later than April 20th. The Debtors shall tender to the Trustee the amount of any tax refund in excess of $1,200 each year, beginning the year after the plan is confirmed, within 7 days of receipt of the tax refund. Refunds must be received by the Trustee by June 30th of each year.

**2.4 Additional payments.**

*Check one.*

- ■ **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

**2.5 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $ _____7,740.00_____.**

### Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of default, if any.**

*Check one.*

- ☐ **None.** If "None" is checked, the rest of § 3.1 need not be completed or reproduced.
- ■ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| Nissan Motor Acceptance | 2017 Nissan Sentra with over 20,000 miles | $ 461.00  Disbursed by: ☐ Trustee  ■ Debtor(s) | $ 0.00 | 0.00 % | $ 0.00 | $ 0.00 |

**3.2 Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

- ■ None. If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

- ■ **None. If "None" is checked, the rest of § 3.3 need not be completed or reproduced.**

**3.4 Lien avoidance.**

*Check one.*

- ■ **None. If "None" is checked, the rest of § 3.4 need not be completed or reproduced.**

Debtor 1   Rochelle     Ann     Brown     Case Number *(if known)* _____
           First Name   Middle Name   Last Name

### 3.5 Surrender of collateral.

*Check one.*

■ **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

## Part 4: Treatment of Fees and Priority Claims

### 4.1 General

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

### 4.2 Trustee's fees

Trustee's fees are governed by statute and may change during the course of the case but are estimated to be __5.00__ % of plan payments; and during the plan term, they are estimated to total $__387.00__.

### 4.3 Attorney's fees

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $____4,000.00__.

### 4.4 Priority claims other than attorney's fees and those treated in § 4.5.

*Check one.*

☐ **None.** If "None" is checked, the rest of § 4.4 need not be completed or reproduced.

■ The debtor(s) estimate the total amount of other priority claims to be __$1,500.00__.

### 4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.

*Check one.*

■ **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

## Part 5: Treatment of Nonpriority Unsecured Claims

### 5.1 Nonpriority unsecured claims not separately classified.

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐ The sum of $_____.

■ __10__ % of the total amount of these claims, an estimated payment of $__953.30__.

■ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $__0.00__. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

### 5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims. Check one.

■ None. If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

### 5.3 Other separately classified nonpriority unsecured claims. *Check one.*

■ None. If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

## Part 6: Executory Contracts and Unexpired Leases

### 6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

■ None. If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

| Debtor 1 | Rochelle | Ann | Brown | Case Number *(if known)* _____ |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

## Part 7: Vesting of Property of the Estate

**7.1** Property of the estate will vest in the debtor(s) upon

*Check the applicable box:*

☐ plan confirmation.
■ entry of discharge.
☐ other: _____.

## Part 8: Nonstandard Plan Provisions

**8.1** Check "None" or List Nonstandard Plan Provisions

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

**The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.**

<u>No secured claim shall be paid to Nissan Motor Acceptance for the 2017 Nissan Sentra, other than for arrears, as debtor will make all payments directly pursuant to the contract. Nissan Motor Acceptance shall retain its lien until the contract is satisfied.</u>

## Part 9: Signature(s):

**9.1** Signatures of Debtor(s) and Debtor(s)' Attorney

*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below; otherwise the Debtor(s) signatures are optional. The attorney for the Debtor(s), if must sign below.*

✘ /s/ Rochelle Ann Brown
**Rochelle Ann Brown**

Date: 12/17/2018

✘ /s/ Wylie W Mok                    Date: 12/18/2018
Signature of Attorney for Debtor

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

Debtor 1 __Rochelle__ __Ann__ __Brown__ Case Number *(if known)* _____
     First Name     Middle Name     Last Name

# Exhibit: Total Amount of Estimated Trustee Payments

*The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.*

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | $ 0.00 |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | $ 0.00 |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | $ 0.00 |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | $ 0.00 |
| e. | **Fees and priority claims** *(Part 4 total)* | $ 5,887.00 |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | $ 953.30 |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | $ 0.00 |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | $ 0.00 |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | $ 0.00 |
| j. | **Nonstandard payments** *(Part 8, total)* | $ 0.00 |
| | **Total of lines a through j** | $ 6,840.30 |

United States Bankruptcy Court
Northern District of Illinois

In re:  
Rochelle Ann Brown  
    Debtor

Case No. 18-35036-JPC  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0752-1     User: ldavis     Page 1 of 1     Date Rcvd: Dec 20, 2018  
                   Form ID: pdf001     Total Noticed: 16

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 22, 2018.
```
db             +Rochelle Ann Brown,    4803 W Potomac,    APT# 3,    Chicago, IL 60651-1561
27389545       +Equifax,    Attn: Bankruptcy Dept.,    PO Box 740241,    Atlanta,GA 30374-0241
27389544       +Experian,    Attn: Bankruptcy Dept.,    PO Box 2002,    Allen,TX 75013-2002
27389542       +First Premier BANK,    Attn: Bankruptcy Dept.,    601 S Minnesota Ave,
                 Sioux Falls,SD 57104-4868
27389549       +Illinois Lending Corp,    Bankruptcy Dept,    2350 W Grand Ave,    Chicago,IL 60612-1426
27389536       +Merchants Credit Guide,    Attn: Bankruptcy Dept.,    223 W Jackson Blvd Ste 7,
                 Chicago,IL 60606-6914
27389548       +Nationwide Acceptance Corp.,    Bankruptcy Department,    10255 W Higgins Rd,
                 Rosemont,IL 60018-5606
27389540       +Nissan Motor Acceptance,    Attn: Bankruptcy Dept.,    Po Box 660360,    Dallas,TX 75266-0360
27389543       +Transunion,    Attn: Bankruptcy Dept.,    PO Box 1000,    Chester,PA 19016-1000
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
27389547       +E-mail/Text: cashnotices@gmail.com Dec 21 2018 02:11:13      AmeriCash Loans,
                 Bankruptcy Department,    880 Lee St., Ste. 302,    Des Plaines,IL 60016-6487
27389537       +E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Dec 21 2018 02:09:27      COMENITY BANK/Carsons,
                 Attn: Bankruptcy Dept.,    Po Box 182789,    Columbus,OH 43218-2789
27389539       +E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Dec 21 2018 02:09:27      Comenitybank/Ny&Co,
                 Attn: Bankruptcy Dept.,    Po Box 182789,    Columbus,OH 43218-2789
27389538       +E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Dec 21 2018 02:09:28      Comenitybank/Victoria,
                 Attn: Bankruptcy Dept.,    Po Box 182789,    Columbus,OH 43218-2789
27389546       +E-mail/Text: cio.bncmail@irs.gov Dec 21 2018 02:09:09      IRS Priority Debt,    Bankruptcy Dept.,
                 PO Box 7346,    Philadelphia,PA 19101-7346
27389550       +E-mail/Text: ecfbankruptcy@progleasing.com Dec 21 2018 02:10:14      Progressive Leasing, LLC,
                 Bankruptcy Dept,    256 West Data Drive,    Draper,UT 84020-2315
27389541       +E-mail/Text: bnc-bluestem@quantum3group.com Dec 21 2018 02:11:10      Webbank/Fingerhut,
                 Attn: Bankruptcy Dept.,    6250 Ridgewood Rd,    Saint Cloud,MN 56303-0820
                                                                                               TOTAL: 7
```

               ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 22, 2018                                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 19, 2018 at the address(es) listed below:
```
              Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
              Tom Vaughn    ecf@tvch13.net, ecfchi@gmail.com
              Wylie W Mok    on behalf of Debtor 1 Rochelle Ann Brown ndil@geracilaw.com
                                                                                             TOTAL: 3
```